## Lemon *v.* The State.

An information under the liquor act of 1853 which does not allege that the
liquor was not sold for sacramental, mechanical, chemical, medicinal or
culinary purposes, is bad, on motion to quash.

Information under the liquor act of 1853, for retailing spirituous liquor.
The retailing was charged and proved to have taken place on the 4th of
*June,* 1853.   The defendant produced a license regularly issued by the

auditor, dated *November* 7, 1852, authorizing him to retail spirituous liquor for one year, and proved that at the *April* election, 1852, a majority of the votes in the township for which the license issued, and where the retailing took place, were cast in favor of granting license. *Held*, that the license covered the period when the retailing took place, and was valid.

*Saturday,
December* 31.

APPEAL from the *Dearborn* Court of Common Pleas.

ROACHE, J.—This was an information against *Lemon* for retailing. The defendant was found guilty and fined.

A motion to quash the information was overruled. This was erroneous. The information was defective for the reason that it did not allege that the liquor was not sold for mechanical, sacramental, chemical, medicinal or culinary purposes. *Brutton* v. *The State, ante*, pp. 601, 602.

On the trial the defendant produced a license regularly issued to him by the county auditor, under date of 7th *November*, 1852, authorizing him to vend and retail spirituous liquors for one year. He also proved that at the *April* election, 1852, a majority of votes in the township for which the license issued, and in which the retailing took place, were cast in favor of granting license.

The retailing was charged and proved to have taken place on the 4th of *June*, 1853.

The license covered the period when the act of retailing took place, and was valid. *Rust* v. *The State, ante*, p. 528.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the appellant.

*E. Dumont*, for the state.